No. 8806.

EDWIN H. FAY, SUPERINTENDENT OF PUBLIC EDUCATION VS. ALLEN JUMEL, AUDITOR, AND E. A. BURKE, TREASURER.

The Superintendent of Public Education has no authority in law to appear in person or by private counsel in any suit or other legal process in which he may be a party or interested in his official capacity, but must be represented by the Attorney General or local District Attorney. Any suit instituted by such a ministerial officer in his official capacity, by a private counsel, shall be dismissed by the court *ex proprio motu*, or on motion. Act No. 21 of 1872.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburne*, J.

J. C. *Egan*, Attorney General, for Defendants and Appellees:

The Superintendent of Public Education is prohibited by statute from appearing in court, either in person, by private counsel, or in any way except through the Attorney General, or District Attorney of the place where he is located. Act No. 21 of 1872, p. 61.

*Sam'l P. Greves* for Plaintiff and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff brings this suit in his official capacity for the purpose of enjoining the disbursement of certain sums of money appropriated by Act No. 63 of 1882, for the benefit of the Mechanical and Agricultural College at Baton Rouge, of the University of Louisiana, and of the Colored University, in New Orleans, and he prosecutes this appeal from a judgment of the lower court dismissing his suit, on motion of the Attorney General and for the reason that plaintiff is therein represented by private counsel, retained by himself, contrary to law.

The Attorney General's motion is predicated on the provisions of Act No. 21 of the legislature of 1872, which clearly controls the case.

The first Section of the Act positively prohibits the Auditor, the State Treasurer, or any other ministerial officer of the State, from appearing in court, either in person or by private counsel, in any suit in which such officer may be a party or may be interested in his official capacity, but in all such cases he must be represented by the Attorney General, if the suit is instituted in New Orleans, or by the local District Attorney in any of the parishes of the State.   It authorizes the Governor or Attorney General, in case of necessity, to have such officer represented by an attorney-at-law.

The second Section prohibits any court of the State from maintaining any suit in which such officer may appear in person or by private counsel, and requires the dismissal of such suit " *ex officio* or on motion," as in case of non-suit, and provides that notice of such dis-

missal be served on the Attorney General or proper District Attorney, who may on motion reinstate such action, if he deem it expedient so to do.

The statement of these provisions of the law is a disposition of this suit, and it is difficult to conceive of the relief which plaintiff could possibly expect at our hands by means of his appeal.    His counsel urges that the true spirit of the law is to shield the State against unnecessary expenses for costs of court and attorney's fees, and that, therefore, the law is not applicable to a case where the ministerial officer, as in this instance, retains counsel at his own personal expense.

But the fact that the statute forbids such an officer from appearing *in person* in suits to which he is a party in his official capacity, dispels the possibility of such a construction.    The argument that a literal construction of the statute would make it amenable to Article 11 of the Constitution, which provides that all courts shall be open for the redress of all grievances, when the very object of the Act is to secure a proper representation of the State in her own courts, is utterly too flimsy to stand before the mere breath of a refutation.

There is no force in the complaint that the District Judge erroneously omitted to have the local District Attorney notified of the dismissal of the action.

The object of such a notice is fully satisfied by the appearance of the Attorney General, the highest legal officer, and the constitutional legal adviser of all the ministerial officers of the State, in the defense of the Auditor and Treasurer, made defendants in the suit.

We note plaintiff's argument touching the hardships to which this statute might subject a faithful officer in his laudable desire to test the constitutionality of a law which may injuriously affect his department; but as long as the statute remains on the books, our plain duty is to apply it to proper cases.

The judgment of dismissal does not debar plaintiff of his right to properly submit the subject matter of his complaint to judicial action and determination.

The judgment of the lower court is, therefore, affirmed at appellant's costs in both Courts.